# Thomas's Estate.

*Equity—Orphans' court—Evidence—Cancellation of agreement—Refusal to enforce agreement—Family settlement.*

Where a plaintiff in an equity case has failed to secure the cancellation of an agreement in the nature of a family settlement, and subsequently in. the orphans' court seeks to prevent the execution of the agreement, and the latter court, after an independent consideration of the testimony, which was substantially the same, and a great part identical with that in the equity case, sustains the agreement, the appellate court will uphold the decree of the orphans' court, where there is nothing shown in equity and good conscience why the terms of the agreement should not be specifically performed.

In such a case where the plaintiff and the defendant in the equity suit are entitled under the agreement to equal shares in the residue of the estate, the plaintiff has no ground to complaint of the court's action in deducting the costs of the equity suit from the residue and dividing the balance between the two distributees. The effect is to relieve plaintiff of one-half of the costs of his unsuccessful equity suit.

Argued Dec. 5, 1907. Appeal, No. 160, Oct. T., 1907, by Alvah F. Conrad, from decree of O. C. Montgomery Co., March T., 1907, No. 5, dismissing exceptions to adjudication in Estate of Mary H. Thomas, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

·Exceptions to adjudication. See Conrad v. Conrad, ante, p. 154.

The facts appear by the opinion of the Superior Court, and Conrad v. Conrad, ante, p. 154.

*Errors assigned* were in dismissing exceptions to adjudication.

*Edwin S. Nyce,* for appellant.

*Henry Freedley,* for appellees.

OPINION BY RICE, P. J., April 20, 1908:

It is claimed that the question in the equity case was whether the court would cancel the agreement, while in this case the appellees stood in the position of asking the aid of the equity powers of the orphans' court to enforce the agreement. Therefore, it is argued, the court erred in holding that the decree in the former case was conclusive of the questions arising in the orphans' court, and in support of this contention we are referred to Lynch's Appeal, 97 Pa. 349—and other cases to the same effect—where it was said there is a "wide difference between the facts and circumstances necessary to move a chancellor to refuse the execution of a contract, and those necessary to induce him to rescind it. In the one case interposition will be refused on the ground of improvidence, surprise or even mere hardship; in the other a court will act only on the ground of fraud, illegality or mistake." We deem it unnecessary to expend time and labor in discussing the question whether the orphans' court would have been warranted in coming to a different conclusion from that reached by the equity court as to the validity and revocability of the agreement. For the testimony in the orphans' court, so far as it relates to these questions, was substantially the same, and in great part was the identical testimony that had been given in the equity case. Apart from the views expressed by the learned judge of the orphans' court as to the effect of the decree in the equity case, his opinion shows that he reviewed the whole case, and upon such consideration reached the conclusion which is thus stated. "The opinion of the learned president judge of the common pleas, his findings of fact and conclusions of law, is adopted as the opinion of this court. The agreement is binding upon Alvah F. Conrad and there is nothing shown to move the conscience of a chancellor to set it aside for fraud, accident, mistake, undue influence, or because of ignorance of his rights. Nor has anything been shown in equity and good conscience why its terms should not be specifically performed." We concur in this conclusion.

By the terms of the agreement the balance, which turned out to be $285.13, was to be divided equally between Thomas

C. Conrad and Alvah F. Conrad. The orphans' court deducted the costs in the equity case from this balance and awarded to each of these parties one-half of the remainder. Complaint is made that the costs of the equity case should not have been brought into this distribution. But we cannot see that the appellant has just cause of complaint. The effect was to relieve him of one-half of the costs.

The decree is affirmed at the costs of the appellant.